IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY J. MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-883 |
| ) | |
| JULIE C. MEDLIN, *Psychologist*; ) | |
| TRACY ALVORD, *Psychologist*; ) | District Judge W. Scott Hardy |
| BRAD ZIMMERMAN, *Psychologist*; ) | Magistrate Judge Kezia O. L. Taylor |
| MS JEFFERIES, *PSS*; MRS. GRAFT, ) | |
| *PSS*; MRS. LISA DUNCAN, *LPM*; ) | |
| DEBBIE HAWKENBERRY, *PREA* ) | |
| *Coordinator*; and LAUREL HARRY, ) | |
| *Secretary of Corrections*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Timothy Murphy's Objections (Docket No. 38) to the Report and Recommendation ("R&R") (Docket No. 36) entered by Magistrate Judge Kezia O. L. Taylor on July 30, 2025. The R&R recommends that Defendant Julie Medlin's Motion to Dismiss Plaintiff's Complaint (Docket No. 21) and the DOC Defendants' Motion to Dismiss (Docket No. 19), filed by Pennsylvania Department of Corrections ("DOC") Defendants Secretary Harry, Licensed Psychology Manager Duncan, Psychological Services Specialist Graft, Psychological Services Specialist Jefferies, and Corrections Classification Program Manager Hawkinberry (collectively, the "DOC Defendants"), be granted. (Docket No. 36 at 1, 16-17). The R&R also recommends that Plaintiff's "Request Leave to Add Additional Defendants, Motion for Summary Judgment" (Docket No. 30) be denied to the extent Plaintiff is seeking summary judgment, and granted to the extent Plaintiff seeks to add the Pennsylvania Board of Probation and Parole as a defendant when filing an amended complaint, if this R&R is adopted. (Docket No. 36

1

at 17). Service of the R&R was made on the parties through the Court's CM/ECF system and via U.S. Mail, and the parties were advised that objections to same were due by August 13, 2025, and by August 18, 2025, for Unregistered CM/ECF Users. (*Id.* and Docket Text entry). On August 18, 2025, Plaintiff filed Objections to the R&R. (Docket No. 38).

Plaintiff objects to Judge Taylor's recommendation, that Defendant Medlin's Motion to Dismiss and the DOC Defendants' Motion to Dismiss be granted, for several reasons. (Docket No. 38). Specifically, Plaintiff objects to Judge Taylor's conclusion that Defendant Medlin is not a state actor. (*Id.* at 3). Plaintiff also objects to the recommendation that the official capacity claims (as well as the personal capacity claims) in the Complaint be dismissed. (*Id.* at 4). Further, Plaintiff states that due to incarceration and the associated restrictions in movement, making requests to staff and filing grievances is the only way to communicate with prison administration, and must be sufficient to constitute personal involvement. (*Id.*). And with regard to the concept of *respondeat superior*, Plaintiff indicates that, having gone through the DOC chain of command to try to make programming changes, only "upper administration" can make programming changes and they therefore bear responsibility based on vicarious liability. (*Id.* at 4-5). Plaintiff also requests an extension of time in which to file an amended complaint. (*Id.* at 5-6).

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R and the entire record, including the motions to dismiss filed by Defendants and the supporting briefs, and

Plaintiff's response thereto, (Docket Nos. 19, 20, 21, 22, 29, 33, 36, 38), the Court concludes that, despite Plaintiff's arguments to the contrary, Plaintiff's Objections do not undermine the R&R's recommended disposition.

First, although in objecting to the R&R Plaintiff argues that Defendant Medlin can be considered a state actor because her company received state and/or federal funds (Docket No. 38 at 3), such alleged payment to that company does not render Defendant Medlin an employee of, or a contractor at, any DOC facility. In fact, as Judge Taylor indicates in the R&R, the Complaint alleges that Defendant Medlin co-authored the Prison's Sex Offender Treatment Program ("SOTP"), written in 1998, and the Complaint identifies the Medlin Training Institute as Defendant Medlin's employer. (Docket No. 36 at 7 (citing Docket No. 6, ¶¶ 10, 11 & p. 2)). Therefore, the Court agrees with Judge Taylor's conclusion that since Defendant Medlin is not a state actor, no cognizable claim can be brought against her under 42 U.S.C. § 1983. (*Id.* at 6). Additionally, Plaintiff does not object to the recommendation in the R&R that Defendants Alvord and Zimmerman (alleged co-authors of the SOTP, who have not yet been served) be dismissed for the same reason as Defendant Medlin. The Court agrees with Judge Taylor's recommendation that Defendants Alvord and Zimmerman be dismissed, *sua sponte*, pursuant to this Court's authority under 28 U.S.C. § 1915(e)(2)(B)(ii) because no cognizable Section 1983 claims have been, or can be, asserted against them. (*Id.* at 6-7).

With regard to Judge Taylor's recommendation that the official capacity claims against the DOC Defendants be dismissed because such claims are barred by qualified immunity under the Eleventh Amendment, Plaintiff does not offer a specific objection and instead simply poses a question that appears to be rhetorical, asking how improvements can be made to DOC Policy if Pennsylvania's Eleventh Amendment provides qualified immunity to all state employees in their

official capacity, including injunctive relief. (Docket No. 38 at 4). Although Plaintiff has not made a specific objection in this regard, the Court notes that the R&R specifically states that the Eleventh Amendment does not preclude Plaintiff from requesting prospective injunctive relief. (Docket No. 36 at 8). Rather, Judge Taylor recommends that Plaintiff's claims for injunctive relief be dismissed based on the failure to adequately allege a violation of a constitutional right, and the Court agrees with that recommendation. (*Id.*).

Plaintiff next objects to the R&R by arguing that, due to limitations on freedom of movement because of incarceration, requests to staff and filing grievances are the only way to communicate with administration and/or the central office (and are required in exhausting administrative remedies), and therefore must constitute personal involvement. (Docket No. 38 at 4). The Court notes that these restrictions on freedom of movement do not prevent Plaintiff from alleging the personal involvement of any Defendant in the wrongdoing alleged in the Complaint, which is necessary to state a plausible claim against a Defendant. (Docket No. 36 at 9). Upon review, the Court agrees with Judge Taylor that the Complaint does not include allegations of personal involvement by Defendants Harry or Hawkinberry. (*Id.* at 8-10).

Last, Plaintiff indicates having an understanding of the concept of *respondeat superior*, and notes having gone through the DOC chain of command (exhausting administrative remedies) to try to make programming changes. (Docket No. 38 at 4-5). Plaintiff states, however, that "Upper Administration (the Department) are the only person(s) who can make programming changes and therefore they do bear responsibility in this action under vicarious liability." (*Id.* at 5 (emphasis in original)). The Court notes that the R&R clearly explains that "an individual defendant in a section 1983 action 'must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*.'" (Docket No. 36 at

4

9 (quoting *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (additional internal quotation marks and citation omitted)). The R&R further quotes *Ashcroft v. Iqbal*, noting, "'In a § 1983 suit . . . [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.'" (*Id.* (quoting 556 U.S. 662, 677 (2009)). However, *Iqbal* also explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Therefore, the Court does not agree with Plaintiff's contention that the DOC Defendants are responsible for the harms alleged in the Complaint, based on vicarious liability.

As such, the Court will overrule Plaintiff's Objections, adopt the R&R as the Opinion of the Court, and grant both Defendant Medlin's Motion to Dismiss and the DOC Defendants' Motion to Dismiss, as more specifically set forth below.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 26th day of September, 2025,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 38) are OVERRULED, and the R&R (Docket No. 36) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendant Medlin's Motion to Dismiss (Docket No. 21) is GRANTED, and the claims asserted against her are DISMISSED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Additionally, the claims asserted against the not-yet-served Defendants Alvord and Zimmerman are DISMISSED *sua sponte* pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The claims asserted against Defendants

Medlin, Alvord, and Zimmerman are DISMISSED WITH PREJUDICE, as amendment would be futile.

IT IS FURTHER ORDERED that the DOC Defendants' Motion to Dismiss (Docket No. 19) is GRANTED, and the claims asserted against them are DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's Eighth Amendment claim and Fourteenth Amendment due process claim against the DOC Defendants related to participation in the SOTP are dismissed WITHOUT PREJUDICE to Plaintiff's ability to file an Amended Complaint alleging facts, to the extent such facts exist, curing the deficiencies identified in the R&R. For the reasons set forth in detail in the R&R, Plaintiff's remaining claims against the DOC Defendants are dismissed WITH PREJUDICE.

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, Plaintiff's "Request Leave to Add Additional Defendants, Motion for Summary Judgment" (Docket No. 30) is GRANTED IN PART AND DENIED IN PART. Specifically, the motion is DENIED to the extent Plaintiff is seeking summary judgment, and the motion is GRANTED to the extent Plaintiff seeks to add the Pennsylvania Board of Probation and Parole as a Defendant if Plaintiff chooses to file an Amended Complaint.

IT IS FURTHER ORDERED that, should Plaintiff choose to file an Amended Complaint, that Amended Complaint shall be filed by **October 17, 2025**. Should Plaintiff fail to timely file an Amended Complaint, the Eighth and Fourteenth Amendment claims in the Complaint that are presently being dismissed without prejudice, will be **dismissed with prejudice**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   The Hon. Kezia O. L. Taylor
          Timothy Murphy (via U.S. Mail)
          All counsel of record